# IN THE UNITED STATES DISTRICT COURT
# OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JASON LEOPOLD,**<br>6824 Lexington Avenue<br>Los Angeles, CA 90038<br><br>**BUZZFEED INC.,**<br>111 East 18th Street, 13th Floor<br>New York, NY 10003<br><br>    **Plaintiffs,**<br><br>    v.<br><br>**CENTERS FOR DISEASE CONTROL<br>AND PREVENTION,**<br>395 E Street, S.W.<br>Suite 9100<br>Washington, D.C. 20201<br><br>**U.S. DEPARTMENT OF HEALTH AND<br>HUMAN SERVICES,**<br>200 Independence Ave., S.W.<br>Washington, D.C. 20201<br><br>**FEDERAL EMERGENCY MANAGEMENT<br>AGENCY,**<br>500 C Street, S.W.<br>Washington, D.C. 20472<br><br>**U.S. DEPARTMENT OF HOMELAND<br>SECURITY,**<br>2707 Martin Luther King Jr. Avenue SE<br>Washington, D.C. 20528<br><br>**FOOD AND DRUG ADMINISTRATION,**<br>10903 New Hampshire Avenue<br>Silver Spring, MD 20993<br><br>**NATIONAL INSTITUTES OF HEALTH,**<br>9000 Rockville Pike<br>Bethesda, MD 20892<br><br>    **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 20-CV-00722<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## AMENDED COMPLAINT

1.      Plaintiffs, JASON LEOPOLD and BUZZFEED INC., bring this Freedom of Information Act suit to force Defendants CENTERS FOR DISEASE CONTROL AND PREVENTION ("CDC"), U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES ("HHS"), FEDERAL EMERGENCY MANAGEMENT AGENCY ("FEMA"), U.S. DEPARTMENT OF HOMELAND SECURITY ("DHS"), FOOD AND DRUG ADMINISTRATION ("FDA"), and NATIONAL INSTITUTES OF HEALTH ("NIH") to produce records regarding the COVID-19 pandemic and the government's response to it. Serious questions have been raised about the accuracy of a number of different statements made by the President and others in his administration and the adequacy of the federal government's response, and for his part, the President has claimed that media reports covering the pandemic have been "fake" and "minimized the risk" of the virus "from the start," and filed, through his campaign organization, defamation suits against news outlets that have run COVID-19-related political ads.  Questions of this sort are the very reason the Freedom of Information Act exists, and the urgency of this information to the public is the reason the statute includes provisions for expedited processing—provisions that the Defendant agencies have failed to abide and that the Court should enforce on an accelerated basis in this case.  See Nat'l Archives & Records Admin. v. Favish, 541 U.S. 157, 171 (2004) (FOIA is "a means for citizens to know what their Government is up to"); *Wash. Post Co. v. U.S. Dep't of Health & Human Servs.*, 690 F.2d 252, 264 (D.C. Cir. 1982) ("Congress was all too aware of the innumerable times that agencies had withheld information under prior law only to cover up embarrassing mistakes or irregularities[, and] FOIA was designed to prevent such incidents[.]").

## PARTIES

2.      Plaintiffs JASON LEOPOLD and BUZZFEED INC. are members of the media and made the FOIA requests at issue in this case.

3.      Defendant CENTERS FOR DISEASE CONTROL AND PREVENTION ("CDC") is a federal agency subject to the Freedom of Information Act, 5 U.S.C. § 552.  CDC is a component of U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES.

4.      Defendant DEPARTMENT OF HEALTH AND HUMAN SERVICES ("HHS") is a federal agency subject to the Freedom of Information Act, 5 U.S.C. § 552.

5.      Defendant FEDERAL EMERGENCY MANAGEMENT SYSTEM ("FEMA") is a federal agency subject to the Freedom of Information Act, 5 U.S.C. § 552.  FEMA is a component of U.S. DEPARTMENT OF HOMELAND SECURITY.

6.      Defendant U.S. DEPARTMENT OF HOMELAND SECURITY ("DHS") is a federal agency subject to the Freedom of Information Act, 5 U.S.C. § 552.

7.      Defendant FOOD AND DRUG ADMINISTRATION ("FDA") is a federal agency subject to the Freedom of Information Act, 5 U.S.C. § 552.  FDA is a component of U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES.

8.      Defendant NATIONAL INSTITUTES OF HEALTH ("NIH") is a federal agency subject to the Freedom of Information Act, 5 U.S.C. § 552.  NIH is a component of U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES.

## JURISDICTION AND VENUE

9.      This case is brought under 5 U.S.C. § 552(a)(4)(B) and presents a federal question conferring jurisdiction on this Court.  *See* 28 U.S.C. § 1331.

10.     Venue is proper under 5 U.S.C. § 552(a)(4)(B).

### FEBRUARY 12, 2020, FIRST FOIA REQUEST TO CDC

11.     On February 12, 2020, Plaintiffs submitted a FOIA request to CDC for [1] "all emails sent and received from CDC Director mentioning or referring to Coronavirus"; [2] all internal CDC studies on the Coronavirus"; [3] "all policy and legal guidance provided to CDC and policy guidance CDC has provided to its staff on the Coronavirus"; [4] "any and all internal memos and letters mentioning or referring to the Coronavirus"; and [5] "any and all draft and final talking points on the Coronavirus."  Exhibit A.

12.     Plaintiffs also requested expedited processing and a fee waiver for this request.  Exhibit A.

13.     On February 18, 2020, CDC acknowledged receipt of the request and assigned reference number #20-00610-FOIA to the matter.  Exhibit B.

14.     In that same letter, CDC stated that the request is "overly broad" and sought clarification.  Exhibit B.

15.     On February 18, 2020, Plaintiffs appealed CDC's claim that the request is overly broad and specified the timeframe of the records they seek.  Exhibit C.

16.     On February 20, 2020, CDC rescinded its earlier letter and informed Plaintiffs that it would initiate search for the documents.  Exhibit D.

17.     On February 21, 2020, Plaintiffs and CDC agreed to limit the timeframe of the request to December 19, 2019 through January 31, 2020.  They also agreed to limit the search to the Director, of both CDC and the Centers involved in the search, and their immediate aides or deputies.  Exhibit E.

18.     On February 25, 2020, CDC granted Plaintiffs expedited processing and sought an extension.  Exhibit F.

19. On February 26, 2020, Plaintiffs further narrowed the timeframe of the search to February 1, 2020 through the present or when the search begins. CDC agreed to the narrowed timeframe. Exhibit G.

20. On February 28, 2020, CDC sent a letter to memorialize the scope of the request, given recent changes to date and search terms. Exhibit H.

21. As of the date of this filing, CDC has not issued a determination and has produced no records responsive to the request.

### MARCH 13, 2020, SECOND FOIA REQUEST TO CDC

22. On March 13, 2020, Plaintiffs submitted a FOIA request to CDC for the following records from March 1, 2020, to the date the search is conducted: [1] "all internal CDC studies on the Coronavirus/COVID-19"; [2] "any and all draft and final talking points on the Coronavirus/COVID-19"; [3] "[a]ny and all records mentioning or referring to pharmaceuticals or other means to treat the Coronavirus/COVID-19"; and [4] [a]ny and all records mentioning or referring to the classification of discussions with [the] White House officials and officials in the Executive Office of the President and relating or referring to [the] Coronavirus/COVID-19." Exhibit I.

23. Plaintiffs also requested expedited processing and a fee waiver. Exhibit I.

24. On March 19, 2020, CDC acknowledged receipt of the request, assigned reference number 20-00910-FOIA to the matter, and granted expedited processing. Exhibit J.

25. In that same letter, CDC placed the request on the complex track and informed Plaintiffs that it will be "unable to comply with the twenty-working-day time limit" as well as "the ten additional days provided by the statute." Exhibit J.

26. On March 20, 2020, CDC notified Plaintiffs that the request is "overly broad" and sought clarification. Exhibit K.

27. Regarding Parts 1 and 2, CDC claimed that Plaintiffs "failed to specify a time frame and specific employees who should search." Exhibit K

28. Regarding Parts 3 and 4, CDC stated that "the use of phrase 'any and all records mentioning or referring to' are too broad in that they fail to specify employees among the estimated 12,000 and they fail to specify a time frame." CDC also claimed that the phrase "mentioning or referring" is too vague and broad. Exhibit K.

29. On March 20, 2020, Plaintiffs clarified the request by specifying a time frame of the search to January 1, 2020, to January 31, 2020, and March 1, 2020, through the date the search is conducted. Plaintiffs also provided a list of employees to search for the responsive records. Exhibit L.

30. As of the date of this filing, CDC has not issued a determination and has produced no records responsive to the request.

## FEBRUARY 12, 2020, FOIA REQUEST TO FEMA

31. On February 12, 2020, Plaintiffs submitted a FOIA request to FEMA for [1] "any and all contingency plans for a[] Coronavirus outbreak in possession of FEMA"; [2] "any and all records mentioning or referring to said FEMA contingency plan document"; and [3] "any and all records, including but not limited to emails, letters, memos, in which FEMA officials discuss any contingency plans in the event of a[] Coronavirus outbreak." Exhibit M.

32. On February 27, 2020, FEMA acknowledged receipt of the request and assigned reference number 2020-FEFO-00371 to the matter. Exhibit N.

33. In that same letter, FEMA granted expedited processing. Exhibit N.

34. On March 5, 2020, Plaintiffs and FEMA narrowed the scope of the request to [1] "all contingency plans for the members of public for a Coronavirus outbreak in possession of FEMA" and [2] "emails, memos, discussions, letters, correspondence mentioning or referring to

FEMA contingency plans for members of the public in the event of a Coronavirus outbreak from the following FEMA officials from January 7, 2020 – February 14, 2020: Carlos Castillo, Chad Gorman, Jeffrey Jackson, Pete Gaynor, Eric Heighberger, Myung Kim, Traci Clever, Eric Leckey, David Bibo, Jeffrey Dorko, Damon Penn, Keith Turi, John Rabin." Exhibit O.

35. On March 31, 2020, DHS informed Plaintiffs that the request is being referred to DHS for review. Exhibit P.

36. On April 1, 2020, DHS assigned a new reference number, 2020-HQFO-00792, to the matter and granted expedited processing. Exhibit Q.

37. As of the date of this filing, FEMA and DHS have not issued a determination and have produced no records responsive to the request.

## MARCH 15, 2020, FOIA REQUEST TO FDA

38. On March 15, 2020, Plaintiffs submitted a FOIA request to FDA for the following records from January 1, 2020, to the date the search is conducted:

[1] all internal FDA studies on the Coronavirus/COVID-19;

[2] any and all draft and final talking points on the Coronavirus/COVID-19;

[3] any and all records mentioning or referring to pharmaceuticals or other means to treat the Coronavirus/COVID-19;

[4] any and all records mentioning or referring to the classification (SECRET, TOP SECRET, FUOU) of discussions with [the] White House officials and officials in the Executive Office of the President and relating or referring to Coronavirus/COVID-19;

[5] any and all records exchanged with the White House and the Executive Office of the President mentioning or referring to Coronavirus/COVID-19; [and]

[6] any and all emails sent or received by the Office of the Commissioner, Office of the Executive Secretariat, Office of Clinical Policy Programs, Office of the Chief Scientist, Office of External Affairs, Office of Operations, Office of Policy, Legislation and International Affairs, Center for Biologics Evaluation and Research, Office of Vaccines, Research & Review, Center for Drug Evaluation and Research, [] mentioning or referring to Coronavirus/COVID-19 AND to any tweets by President Donald Trump mentioning or referring to Coronavirus/COVID-19 AND 'HOAX.' You may limit the search to the directors of each office and their deputies and the

chief scientists/doctors. The timeframe of this search is January 22, 2020, through the date the search for responsive records is conducted.

Exhibit R.

39. Plaintiffs also requested expedited processing and a fee waiver. Exhibit R.

40. On March 26, 2020, FDA acknowledged receipt of the request and assigned reference number 2020-2591 to the matter. Exhibit S.

41. On March 30, 2020, FDA granted expedited processing. Exhibit T.

42. As of the date of this filing, FDA has not issued a determination and has produced no records responsive to the request.

### MARCH 16, 2020, FOIA REQUEST TO NIH

43. On March 16, 2020, Plaintiffs submitted a FOIA request to NIH for the following records from February 1, 2020, to the date the search is conducted:

[1] All emails, text messages sent and received by Anthony [Fauci] mentioning or referring to Coronavirus/COVID-19;

[2] All emails and text messages sent and received by Francis Sellers Collins and his immediate deputy/aides mentioning or referring to Coronavirus/COVID-19;

[3] All internal NIH studies on the Coronavirus/COVID-19;

[4] All draft and final talking points on the Coronavirus/COVID-19;

[5] Any and all records mentioning or referring to pharmaceuticals or other means to treat the Coronavirus/COVID-19;

[6] Any and all records mentioning or referring to the classification (SECRET, TOP SECRET, FOUO) of discussions with [the] White House officials and officials in the Executive Office of the President and relating or referring to Coronavirus/COVID-19; [and]

[7] Any and all records Mr. [Fauci] and Mr. Sellers exchanged with the White House and the Executive Office of the President and any member of the Coronavirus Task Force mentioning or referring to Coronavirus/COVID-19.

Exhibit U.

44. Plaintiffs also requested a fee waiver and expedited processing. Exhibit U.

45. On March 16, 2020, NIH acknowledged receipt of the request and assigned reference number 53768 to the matter. Exhibit V.

46. On March 23, 2020, NIH granted Plaintiff's expedited processing. Exhibit W.

47. As of the date of this filing, NIH has not issued a determination and has produced no records responsive to the request.

### MARCH 15, 2020, FOIA REQUEST TO HHS (COVID-19)

48. On March 15, 2020, Plaintiffs submitted a FOIA request to HHS for the following records:

[1] All internal HHS studies on the Coronavirus/COVID-19;

[2] Any and all draft and final talking points on the Coronavirus/COVID-19;

[3] A listing identifying the number of ventilators the U.S. currently has to fight Coronavirus/COVID-19;

[4] Any and all records mentioning or referring to pharmaceuticals or other means to treat the Coronavirus/COVID-19;

[5] Any and all records mentioning or referring to the classification (SECRET, TOP SECRET, FOUO) of discussions with [the] White House officials and officials in the Executive Office of the President and relating or referring to Coronavirus/COVID-19; [and]

[6] Any and all records HHS Secretary Alex Azar exchanged with the White House and the Executive Office of the President and any member of the Coronavirus Task Force mentioning or referring to Coronavirus/COVID-19.

Exhibit X.

49. Plaintiffs also requested expedited processing and a fee waiver. Exhibit X.

50. On March 24, 2020, HHS assigned reference number 2020-00701-FOIA-OS to the matter and granted expedited processing. Exhibit Y.

51. As of the date of this filing, HHS has not issued a determination and has produced no records responsive to the request.

### MARCH 16, 2020, FOIA REQUEST TO HHS (CYBERATTACK)

52. On March 16, 2020, Plaintiffs submitted a FOIA request to HHS seeking "any and all records, including reports of investigation, emails, text messages, memos, letters, directives, photographs, screenshots, mentioning or referring to a cyberattack on HHS's website that took place on March 15, 2020." Exhibit Z.

53. As a way of background, after a preliminary investigation, officials believe that a message—spread through texts, e-mails, and social media on or around March 15, 2020—that proclaimed a "national lock down" in response to COVID-19 was related to this cyberattack.

54. Plaintiffs also requested expedited processing and a fee waiver. Exhibit Z.

55. On March 24, 2020, HHS acknowledged receipt of the request and assigned reference number 2020-00758-FOIA-OS to the matter. Exhibit AA.

56. On March 26, 2020, HHS claimed that Plaintiffs did not "reasonably describe" the records they are seeking and asked to clarify the request. Exhibit BB.

57. On March 26, 2020, Plaintiffs appealed that the requests were reasonably described in the original request and offered to narrow the request to the heads, deputies, and their immediate aides of each department. Exhibit CC.

58. HHS never acknowledged the receipt of the appeal and never responded.

59. As of the date of this filing, HHS has not issued a determination and has produced no records responsive to the request.

## COUNT I – CDC'S FIRST FOIA VIOLATION

60. The above paragraphs are incorporated herein.

61. HHS and CDC are federal agencies, subject to FOIA.

62. The requested records are not exempt under FOIA.

63. HHS and CDC have refused to produce the requested materials in a timely manner.

## COUNT II – CDC'S SECOND FOIA VIOLATION

64. The above paragraphs are incorporated herein.

65. HHS and CDC are federal agencies, subject to FOIA.

66. The requested records are not exempt under FOIA.

67. HHS and CDC have refused to produce the requested materials in a timely manner.

## COUNT III – FEMA'S FOIA VIOLATION

68. The above paragraphs are incorporated herein.

69. DHS and FEMA are federal agencies, subject to FOIA.

70. The requested records are not exempt under FOIA.

71. DHS and FEMA have refused to produce the requested materials in a timely manner.

## COUNT IV – FDA'S FOIA VIOLATION

72. The above paragraphs are incorporated herein.

73. FDA is a federal agency and subject to FOIA.

74. The requested records are not exempt under FOIA.

75. FDA has refused to produce the requested records in a timely manner.

## COUNT V – NIH'S FOIA VIOLATION

76. The above paragraphs are incorporated herein.

77. NIH is a federal agency and subject to FOIA.

78. The requested records are not exempt under FOIA.

79. NIH has refused to produce the requested records in a timely manner.

## COUNT VI – HHS'S FOIA VIOLATION (COVID-19)

80. The above paragraphs are incorporated herein.

81. HHS is a federal agency, subject to FOIA.

82. The requested records are not exempt under FOIA.

83. HHS refused to produce the requested records in a timely manner.

### COUNT VII – HHS'S FOIA VIOLATION (CYBERATTACK)

84. The above paragraphs are incorporated herein.

85. HHS is a federal agency, subject to FOIA.

86. The requested records are not exempt under FOIA.

87. HHS refused to produce the requested records in a timely manner.

**WHEREFORE**, Plaintiffs ask the Court to:

i. declare that Defendants have violated FOIA;

ii. order Defendants to conduct a reasonable search for records and to produce the requested records;

iii. enjoin Defendants from withholding non-exempt public records under FOIA;

iv. award Plaintiffs attorneys' fees and costs; and

v. award such other relief the Court considers appropriate.


Dated: April 14, 2020

RESPECTFULLY SUBMITTED,

/s/ *Matthew V. Topic*

Attorney for Plaintiffs
JASON LEOPOLD,
BUZZFEED INC.

Matthew Topic, D.C. Bar No. IL 0037
Joshua Burday, D.C. Bar No. IL 0042
Merrick Wayne, D.C. Bar No. IL 0058
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor

Chicago, IL 60607
312-243-5900
foia@loevy.com