IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON LEOPOLD,<br><br>and<br><br>BUZZFEED INC.,<br><br>            Plaintiffs,<br><br>   v.<br><br>CENTERS FOR DISEASE CONTROL AND PREVENTION,<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>FEDERAL EMERGENCY MANAGEMENT AGECY,<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>FOOD AND DRUG ADMINISTRATION,<br><br>and<br><br>NATIONAL INSTITUTES OF HEALTH,<br><br>            Defendants. | Civil Docket No. 1:20-cv-722-CKK |

**JOINT STATUS REPORT**

The parties to this Freedom of Information Act ("FOIA") case respectfully submit this joint status report in response to this Court's May 11, 2020 Order. In that Order, the Court directed the parties to file a joint status report informing the Court on Defendants' progress in responding to Plaintiffs' FOIA requests. Since the parties' May 8, 2020 telephonic hearing, the parties have continued to meet and confer and they provide the following status regarding responses to Plaintiffs' FOIA requests.

1

Centers for Disease Control and Prevention ("CDC").  Since CDC first informed the Court of the status of the status of its responses at the parties' May 1, 2020 telephonic hearing, CDC re-ran an email search in response to Plaintiffs' February 12, 2020 FOIA request and also completed an email search in response to Plaintiffs' March 13, 2020 FOIA request.  CDC has located approximately 21,800 pages from these searches that are potentially responsive to one or both of Plaintiffs' FOIA requests.  In light of that volume, the parties are exploring narrowing the FOIA requests.

National Institutes of Health ("NIH").  After the parties' May 1, 2020 telephonic hearing, Plaintiffs asked NIH to prioritize the part of its FOIA request to NIH seeking "[a]ll emails[ and] text messages sent and received by Anthony Fauci mentioning or referring to Coronavirus/COVID-19."  NIH ran an email search in response to that part of the request and has thus far located more than 34,400 potentially responsive documents.  In light of that volume, the parties are exploring narrowing the FOIA request such that it seeks only the emails Dr. Fauci sent and a limited number of corresponding email threads.

 The parties will continue to discuss processing schedules, and to the extent they cannot reach agreement, they ask to provide their positions and support in a next joint status report to be resolved by the Court.

NIH has also informed Plaintiffs that in light of subsequent clarification by Plaintiffs, it does not have any records responsive to the other part its FOIA request that they asked Defendants to prioritize that sought "[a]ll internal NIH studies on the Coronavirus/COVID-19."

Department of Health and Human Services ("HHS").  HHS's search for material responsive to Plaintiffs' March 15, 2020 FOIA Request to HHS remains ongoing.  It has initiated a search for emails of custodians. That email search is estimated to be completed by May 29, 2020.

The parties will continue to discuss processing schedules, and to the extent they cannot reach agreement, they ask to provide their positions and support in a next joint status report to be resolved by the Court.

By June 15, 2020, HHS expects to process for production/withholding or for referral to/consultation with others a small amount of material that it has collected.

HHS finished a search for emails in response to Plaintiffs' March 16, 2020 FOIA request and found approximately 5870 pages of potentially responsive material. Plaintiffs did not seek expedited processing of this FOIA request, and similarly did not ask Defendants to prioritize it after the parties' May 1, 2020 telephonic hearing. HHS's resources have therefore been focused on Plaintiffs' March 15, 2020 FOIA request, and the material collected for the March 16, 2020 FOIA request remains in the queue for processing.

<u>Food and Drug Administration ("FDA")</u>. FDA's search for material responsive to Plaintiffs' FOIA Request to FDA remains ongoing. FDA is currently collecting emails from custodians to prepare for review. It has collected the emails of most of custodians, but a few more custodians remain. Once collected, the emails need to be uploaded into a software program, and FDA then expects to do some preliminary management of the emails collectively before sending any to FOIA personnel to review individual emails. FDA is effectively collecting all emails from the custodians for a specified timeframe, and it expects that its preliminary management of the emails will further an efficient response by helping to better organize potentially responsive records for review. FDA expects to have some, if not all, of the emails ready for review by the FOIA personnel by mid-June. The parties will continue to discuss processing schedules, and to the extent they cannot reach agreement, they ask to provide their positions and support in a next joint status report to be resolved by the Court.

Plaintiffs have asked FDA to prioritize the part of their FOIA request that seeks white papers, reports or other internal reports regarding drugs to be used as a treatment for COVID-19, specifically hydroxychloroquine, chloroquine, and Remdesivir

Department of Homeland Security ("DHS"). DHS and Plaintiffs continue to discuss whether they can reach a mutually agreeable processing schedule. In light of its need to balance this request against a number of other obligations that it has in litigation, DHS has offered to process for production/withholding or for referral to/consultation with others a minimum of 300 pages of potentially responsive records per month, and to start that processing in July such that it would provide Plaintiffs its first response on or before July 31. Plaintiffs have asked DHS to process a minimum of 100 pages by June 15, 2020, and to then process starting in July at DHS's proposed rate of 300 pages per month given the expedited status of the request and given that as of March 18, 2020, FEMA was prepared to make a first interim release by the end of March.

DHS and Plaintiffs continue to explore whether they can reach a compromise regarding a processing schedule. To the extent the parties cannot reach such a compromise, they may file a status report with this Court separate from and in advance of the anticipated June 5, 2020 joint status report that the parties request below. In such a separate filing, DHS and Plaintiffs would provide their positions and support to be resolved by the Court.

Proposed Next Steps. The parties do not believe the May 21, 2020 hearing is necessary and respectfully ask that the Court cancel it and direct the parties to submit a further joint status report on June 5, 2020, and set a telephonic hearing for a date shortly thereafter. Further, in light of developments in this case, the parties respectfully ask that the Court vacate the May 28, 2020 deadline that it initially set in its April 30, 2020 Order for the parties to file a joint status report. Given the parties' ongoing discussions, the parties ask that the Court continue to hold the pending

motion for preliminary injunction in abeyance, but currently anticipate that the issues raised in that motion will either be rendered moot by agreement or able to be presented to the Court by way of joint status report on June 5, 2020.

Dated:  May 19, 2020			Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs Branch

/s/ *Kevin Snell*
KEVIN SNELL
Trial Attorney
Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L St. NW
Washington, D.C. 20005
Telephone:  (202) 305-0924
Fax:  (202) 616-8460
Email:  Kevin.Snell@usdoj.gov

*Counsel for Defendants*

*/s/ Matthew Topic*


Matthew Topic
Joshua Burday
*(E-Mail:  foia@loevy.com)*
LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, Illinois 60607
Tel.: (312) 243-5900
Fax: (312) 243-5902
D.C. Bar Nos. IL0037 and IL0042

Attorneys for Plaintiffs